# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRUCE ALLEN, )
        Plaintiff, )
    v. ) Civil Action No. 10-120 Erie
THE M RESORT, LLC, )
        Defendant. )

## **MEMORANDUM OPINION**

McLAUGHLIN, SEAN J., DISTRICT JUDGE.

    Plaintiff, Bruce Allen ("Plaintiff"), a Pennsylvania resident, brought this action against the Defendant, The M Resort, LLC ("Defendant"), a Nevada limited liability company, asserting claims of sexual discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.[1] This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

    Presently pending before the Court is the Defendant's Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(2) and 12(b)(3) based on a lack of personal jurisdiction and improper venue.

### I. FACTUAL AND PROCEDURAL BACKGROUND

    Plaintiff is a resident of Meadville, Crawford County, Pennsylvania. See ECF No. 2, Complaint ¶ 1. Defendant is a Nevada limited liability company, with its headquarters and principal place of business located in Henderson, Nevada. Complaint ¶ 2; ECF No. 9, Defendant's Motion to Dismiss Ex. A, Woodhead Aff. ¶¶ 2; 4. Defendant is a resort casino providing entertainment, gambling and spa services to clients and visitors at its facility located in Henderson, Nevada. Motion to Dismiss Ex. A, Woodhead Aff. ¶ 3. Plaintiff was employed by the Defendant as a security officer in Las Vegas, Nevada from July 31, 2008 until December 13, 2008. See ECF No. 2, Complaint ¶¶ 1; 4; 13.

    Plaintiff alleges that throughout his employment with the Defendant in Nevada, it accorded

---

[1] Although the Plaintiff did not specifically invoke Title VII, I will presume he is alleging an employment discrimination claim pursuant to its provisions. Because the Plaintiff is proceeding *pro se,* he is held to a less stringent standard than trained counsel. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Accordingly, the Court "will apply the applicable law, irrespective of whether [Plaintiff] has mentioned it by name," Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir.2003) (citing Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir.2002)).

1

preferential treatment to female security officers with respect to working conditions and failed to discipline certain female security officers for work rule violations. Complaint ¶¶ 5-7; 10-12. Plaintiff further alleges that he was subjected to a sexually hostile work environment by virtue of the conduct of a female co-worker. Complaint ¶¶ 10-12. Plaintiff claims that he was terminated in retaliation for complaining about the aforementioned conduct and/or for agreeing to testify in support of two terminated male co-workers. Complaint ¶¶ 12-13.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC") based upon the Defendant's alleged conduct on January 16, 2009, which was cross-filed with the Nevada Equal Rights Commission ("NERC"). See Motion to Dismiss Ex. B. Following its investigation, the NERC found that the Plaintiff was not subject to gender discrimination or retaliation. See Motion to Dismiss Ex. C. A "right to sue" letter was issued with respect to his claims on February 24, 2010. Motion to Dismiss Ex. A, Woodhead Aff. ¶ 10. Thereafter, the Plaintiff filed the instant lawsuit *pro se* on May 14, 2010. Defendant filed its motion to dismiss on December 21, 2010, and the Plaintiff filed a response on January 20, 2011. See ECF No. 12, Plaintiff's Reply. This matter is now ripe for disposition. For the following reasons, the Court will transfer this action to the United States District Court for the District of Nevada, Las Vegas Division.

## II. DISCUSSION

When a defendant challenges personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), the plaintiff bears the burden of showing that personal jurisdiction exists. Marten v. Godwin, 499 F.3d 290, 295-96 (3rd Cir. 2007). "In deciding a motion to dismiss for lack of personal jurisdiction, we take the allegations of the complaint as true. But once a defendant has raised a jurisdictional defense, a plaintiff bears the burden of proving by affidavits or other competent evidence that jurisdiction is proper." Dayhoff Inc. v. H.J. Heinz Co., 86 F.3d 1287, 1302 (3rd Cir. 1996) (internal citations omitted); see also Patterson by Patterson v. F.B.I., 893 F.2d 595, 604 (3rd Cir.1990); D'Jamoos v. Pilatus Aircraft Ltd., 566 F.3d 94, 102 (3rd Cir. 2009); O'Connor v. Sandy Lane Hotel Co., Ltd., 496 F.3d 312, 316 (3rd Cir. 2007). In demonstrating that jurisdiction is proper, the plaintiff is required to establish facts with reasonable particularity. Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1223 (3rd Cir. 1992). In addition, since personal jurisdiction is "inherently

2

a matter which requires resolution of factual issues outside the pleadings," a plaintiff may not rely entirely on general averments in the pleadings. Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 66 n.9 (3rd Cir. 1984). The court must consider the pleadings and affidavits in a light most favorable to the plaintiff and any discrepancies must be resolved in its favor. Carteret Sav. Bank, F.A. v. Shushan, 954 F.2d 141, 142 n.1 (3rd Cir.), cert. denied, 506 U.S. 817 (1992).

Federal district courts "may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state." D'Jamoos, 566 F.3d at 102 (quoting Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n, 819 F.2d 434, 436 (3rd Cir. 1987). See also Marten, 499 F.3d at 296; O'Connor, 496 F.3d at 316. This involves a two-step inquiry whereby courts first determine whether the forum state's long-arm statute extends jurisdiction to the nonresident defendant, and secondly, whether the exercise of that jurisdiction would comport with federal due process principles. See Pennzoil Products Co. v. Colelli & Assoc., Inc., 149 F.3d 197, 2002-03 (3rd Cir. 1998). Pennsylvania's long-arm statute permits a court to exercise jurisdiction over non-resident defendants "to the fullest extent allowed under the Constitution of the United States and [jurisdiction] may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States." 42 Pa.C.S.A. § 5322(b). Pennsylvania courts typically restrict their personal jurisdiction inquiry to the question of whether the exercise of personal jurisdiction over the nonresident defendant would be constitutional, since Pennsylvania's Long-Arm statute authorizes jurisdiction to the fullest extent permissible under the U.S. Constitution. See 42 Pa. C.S.A. § 5322(b); Renner v. Lanard Toys Limited, 33 F.3d 277, 279 (3rd Cir. 1994) ("[T]his court's inquiry is solely whether the exercise of personal jurisdiction over the defendant would be constitutional."); Pennzoil, 149 F.3d at 200 ("A district court's exercise of personal jurisdiction pursuant to Pennsylvania's long-arm statute is therefore valid as long as it is constitutional.").

A district court may assert either general or specific jurisdiction over a non-resident defendant consistent with these due process principles. Kehm Oil Co. v. Texaco, Inc., 537 F.3d 290, 300 (3rd Cir. 2008); O'Connor, 496 F.3d at 317. General and specific jurisdiction are "analytically distinct categories, not two points on a sliding scale." O'Connor, 496 F.3d at 321. General jurisdiction is the broader of the two, and exists where the defendant has maintained "systematic and continuous" contacts with the forum state. Kehm Oil, 537 F.3d at 300; Marten, 499 F.3d at 296.

3

The contacts need not be related to the particular claim proceeding in court. Pennzoil, 149 F.3d at 199 (general jurisdiction may be asserted "regardless of whether the subject matter of the cause of action has any connection to the forum.") (citation omitted). Specific jurisdiction, which is narrower, allows for the exercise of personal jurisdiction over a non-resident defendant when the claim at issue "arises from or relates to conduct purposely directed at the forum state." Kehm Oil, 537 F.3d at 300 (citing Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414-15 (1984)); see also Mellon Bank, 960 F.2d at 1221.

Here, I find that the Plaintiff has failed to demonstrate that the Defendant has engaged in "systematic and continuous" contacts with Pennsylvania so as to allow for the exercise of general jurisdiction. The uncontroverted facts establish that the Defendant is a registered Nevada company, with its main office, headquarters and administrative offices located in Henderson, Nevada. Motion to Dismiss Ex. A, Woodhead Aff. ¶¶ 2; 4. Defendant is not licensed or registered to do business in Pennsylvania, and conducts no business in Pennsylvania. Id. at ¶ 5. Nor do I find a basis for the exercise of specific jurisdiction. It is undisputed that the alleged employment discrimination relates to and arises out of incidents which occurred solely in Nevada, and the record is devoid of any evidence demonstrating that the Defendant "purposely directed" any conduct towards Pennsylvania. In sum, I conclude that the Defendant is not subject to personal jurisdiction in Pennsylvania.

Having concluded that this Court lacks personal jurisdiction over the Defendant, the issue remains as to whether the case should be dismissed or transferred to the appropriate district. Pursuant to 28 U.S.C. § 1631, the Court has the discretion to transfer the action to the appropriate judicial district in the absence of personal jurisdiction.[2] See Lawman Armor Corp. v. Simon, 319 F. Supp. 2d 499, 506 (E.D.Pa. 2004) (holding that the court lacked jurisdiction over the defendant

---

[2]Section 1631 provides:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631.

and transferring the case pursuant to § 1631); <u>Horgos v. Regions Bank</u>, 2009 WL 763431 at *6-7 and n.12 (W.D.Pa. 2009) (citing cases and holding that "under Third Circuit case law, this action may be transferred under § 1631 in the alternative, owing to the absence of personal jurisdiction.").

Given the Plaintiff's *pro se* status, I will transfer the case to the United States District Court for the District of Nevada, Las Vegas Division, rather than dismiss the matter.[3] <u>Alberts v. Wheeling Jesuit University</u>, 2009 WL 3152225 at *4 (W.D.Pa. 2009) (transferring rather than dismissing *pro se* complaint noting that "requiring the Plaintiff to refile his Complaint would be unduly duplicative and costly"); (citing <u>Goldlawr, Inc. v. Heiman</u>, 369 U.S. 463, 467 (1962) (noting that "the interest of justice" may require that the complaint not be dismissed but rather that it be transferred in order to avoid "time-consuming and justice-defeating technicalities")).

### III. CONCLUSION

An appropriate Order follows.

---

[3] I note that there is an exclusive venue provision for actions grounded in Title VII. 42 U.S.C. § 2000e-5(f)(3) provides:

> Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. ...

It is clear, therefore, that this action not only "could have been brought" in Nevada but, indeed, should have been brought there pursuant to the aforementioned venue provision.

5

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRUCE ALLEN,                )
                            )
        Plaintiff,           )
                            )
    v.                       )    Civil Action No. 10-120 Erie
                            )
THE M RESORT, LLC,          )
                            )
        Defendant.           )

# **ORDER**

AND NOW, to wit, this 20th day of April, 2011;

IT IS HEREBY ORDERED that the Defendant, The M Resort, LLC's Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(2) based on a lack of personal jurisdiction [ECF No. 9] is DENIED. For the reasons set forth in the accompanying Memorandum Opinion, this case is TRANSFERRED to the United States District Court for the District of Nevada, Las Vegas Division.

The Clerk of Courts is directed to transfer the case to the Clerk of the United States District Court for the District of Nevada, Las Vegas Division.

                                            s/ Sean J. McLaughlin
                                            United States District Judge

cm: All parties of record.